UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BIENVENIDO POLANCO,

                       Plaintiff,

-against-

UNITED STATES OF AMERICA, and "JOHN DOES"
and "JANE DOES" said names being fictitious and
presently unknown agents and employees of the
UNITED STATES OF AMERICA, and of the
UNITED STATES OF AMERICA DEPARTMENT OF
HOMELAND SECURITY,

                       Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 1 6 2010 ★
BROOKLYN OFFICE

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

10 1705

JOHNSON, J
MANN. M.J.

    Plaintiff, by and through his attorneys, THE COCHRAN FIRM, as and for his Complaint herein, respectfully sets forth and alleges upon information and belief as follows:

### AS AND FOR A FIRST COUNT:

    1.    This action arises under 28 U.S.C. § 2671 et seq., and under the Constitution of the United States of America, and as against the individual defendants under the Constitution of the United States of America pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388.

    2.    The Court has jurisdiction under 28 U.S.C. § 1346, and supplemental jurisdiction under 28 U.S.C. §1367(a).

    3.    Plaintiff resides in Brooklyn, New York, County of Kings, City and State of New York.

    4.    Venue is proper in this District under 28 U.S.C. §1391(b).

    5.    This action is authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to

the plaintiffs by the First, Fourth and Fifth Amendments to the Constitution of the United States.

6. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

7. That by reason of the foregoing, this Court has jurisdiction over this matter.

8. Defendants "JOHN DOES" and "JANE DOES" were, at all times herein mentioned, agents and employees of the UNITED STATES OF AMERICA.

9. Defendants "JOHN DOES" and "JANE DOES" were, at all times herein mentioned, the agents and employees of the UNITED STATES OF AMERICA whose conduct against plaintiff is described herein.

10. Defendants "JOHN DOES" and "JANE DOES" were, at all times herein mentioned, agents and employees of the UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY.

11. Defendants "JOHN DOES" and "JANE DOES" were, at all times herein under the control of the UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY.

12. On November 26, 2007, plaintiff was lawfully present on an Amtrak train en route to California, when said train was stopped by agents of the United States Department of Homeland Security, within the state of New York, in the vicinity of Rochester, New York.

13. Plaintiff presented some or all of the aforesaid agents with a copy of his valid "green card."

14. At all times herein plaintiff was a legal resident alien, residing in Brooklyn, New York.

15. Notwithstanding plaintiff's presentment of said green card, said agents illegally arrested and detained plaintiff.

16. Said agents were "investigative" and/or "enforcement" officers of the United States Government, as set forth in 28 U.S.C. §2680 (h).

17. The aforesaid agents were acting in the course of their employment by the United States of America.

18. At the time of said arrest and detention, and continually thereafter, plaintiff pleaded with his detainers to verify his legal immigration status.

19. Defendants failed to take any steps to verify or determine plaintiff's immigration status.

20. In failing to verify or determine plaintiff's immigration status, defendants failed to act with due care with respect to their arrest, detention and confinement of plaintiff.

21. Said detention continued in the vicinity of Octavia, New York, at a facility known as the Buffalo Federal Detention Facility.

22. At all times referred to herein, plaintiff was verbally abused.

23. Plaintiff's illegal and wrongful detention continued to and included December 5, 2007.

24. There was no probable cause for plaintiff's arrest or detention and confinement.

25. There was no probable cause for plaintiff's continued detention and confinement.

26. There was no justification for the verbal abuse and humiliation to which plaintiff was subjected by some or all of said agents.

27. At all times herein, defendants intended to confine plaintiff.

28. Plaintiff did not consent to the arrest or detention or confinement.

29. Plaintiff's arrest and detention and confinement were not subject to any privilege on the part of any of the defendants. .

30. If the defendant UNITED STATES OF AMERICA were a private person, it would be liable to the plaintiff in accordance with the laws of the state of New York.

31. Pursuant to 28 U.S.C. § 2675(a), the claim set forth herein was timely presented to the Department of Homeland Security. The Department of Homeland Security denied the claim on October 16, 2009.

32. That by reason of the foregoing, the Plaintiff has been damaged in an amount to be determined upon the trial of this action, and/or in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

## AS AND FOR A SECOND COUNT:

33. Plaintiff repeats and reiterates each and every allegation heretofore set forth in paragraphs "1" through "32" with the same force and effect as through each were fully set forth herein.

34. Defendants' conduct constituted the intentional infliction of emotional distress upon the plaintiff.

35. That by reason of the foregoing, the Plaintiff has been damaged in an amount to be determined upon the trial of this action, and/or in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

## AS AND FOR A THIRD COUNT:

36. Plaintiff repeats and reiterates each and every allegation heretofore set forth in paragraphs "1" through "35" with the same force and effect as through each were fully set forth herein.

37. Defendants "JOHN DOES" and "JANE DOES" violated plaintiff's constitutional rights under the First, Fourth, and Fifth Amendments to the Constitution of the United States.

38. By reason of all of the foregoing, the individual Defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being, and safety of the Plaintiff herein, and by reason thereof, the Plaintiff demands as against the individual defendants compensatory damages in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS and exemplary and punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff demands judgment against the defendants, the amount sought on the First Count in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS; on the Second Count, in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS; and on the Third Count compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, and exemplary and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; together with attorneys fees, punitive damages, and the costs and disbursements of this action with interest from the date of this occurrence.

Dated: New York, New York
       April 15, 2010

Yours, etc.,

By: _____
RUDYARD F. WHYTE, Esq.
THE COCHRAN FIRM
Attorneys for Plaintiff
233 Broadway, 5th Floor
New York, New York 10279
(212) 553-9215